# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

QWEST COMMUNICATIONS COMPANY, LLC,

      Plaintiff,

v.                          **ORDER**
                             Civil File No. 10-490 (MJD/SER)

FREE CONFERENCING CORP., et al.,

      Defendants.

John T. Osgood, Sandra L. Potter, and Charles W. Steese, Steese, Evans & Frankel, PC, and Jason D. Topp, CenturyLink, Counsel for Plaintiff.

Daniel J. Herber and Jonathan W. Dettmann, Faegre Baker Daniels LLP, Counsel for Defendant Free Conferencing Corp.

Larry D. Espel, Green Espel PLLP, Counsel for Defendant Audiocom, LLC.

Gregory R. Merz, Gray Plant Mooty Mooty & Bennett, PA, Counsel for Defendants Basement Ventures, LLC and Vast Communications, LLC.

Edward P. Gothard, Nowalsky, Bronston & Gothard, PLLP, and Kelly K. Pierce, Ross & Orenstein LLC, Counsel for Defendant Ripple Communications, Inc.

    The above-entitled matter comes before the Court upon the Amended

Report and Recommendation of United States Magistrate Judge Steven E. Rau

dated November 20, 2013. All parties, with the exception of Global Conference Partners, filed objections to the Amended Report and Recommendation.

Pursuant to statute, the Court has conducted a de novo review upon the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, the Court **ADOPTS** the Amended Report and Recommendation of United States Magistrate Judge Rau dated November 20, 2013. The Court further declines to dismiss, for the reasons explained in the Report and Recommendation at pages 18-20 and 26-27, Qwest's request, under Count I, for damages incurred as a result of traffic delivered through the least cost routing system. The Court also declines to certify any questions to the Minnesota Supreme Court because this is not a case involving "a close question and lack of state sources enabling a nonconjectural determination" such that the Court should "avoid its responsibility to determine all issues before it." Perkins v. Clark Equip. Co., Melrose Div., 823 F.2d 207, 209 (8th Cir. 1987) (citation omitted).

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** the Amended Report and Recommendation of United States Magistrate Judge Steven E. Rau dated November 20, 2013 [Docket No. 250].

2

2. Defendant Free Conferencing Corporation's Motion to Dismiss First Amended Complaint [Docket No. 139] is **GRANTED** in part and **DENIED** in part as follows:

    a. To the extent the Motion seeks dismissal of Count I: Tortious Interference with Contracts (Intrastate and Interstate Access Tariffs), it is **DENIED**;

    b. The Motion is **GRANTED** in all other respects, and the following claims are dismissed: Count II: Common Law Unfair Competition; Count IV: Fraudulent Concealment; Count V: Tortious Interference with Qwest's LCR Contracts; and Count VI: Unjust Enrichment.

3. Defendant Audiocom LLC's Motion to Dismiss Amended Complaint [Docket No. 144] is **GRANTED** in part and **DENIED** in part as follows:

    a. To the extent the Motion seeks dismissal based on lack of subject-matter jurisdiction, it is **DENIED**;

    b. To the extent the Motion seeks dismissal of Count I: Tortious Interference with Contracts (Intrastate and Interstate Access Tariffs), it is **DENIED**;

    c. The Motion is **GRANTED** in all other respects, and the following claims are dismissed: Count II: Common Law Unfair Competition; Count III: Second Unfair Competition Claim; Count IV: Fraudulent Concealment; Count V: Tortious Interference with Qwest's LCR Contracts; and Count VI: Unjust Enrichment.

4. Defendants Vast Communications and Basement Ventures LLC's Motion to Dismiss [Docket No. 166] is **GRANTED** in part and **DENIED** in part as follows:

    a. To the extent the Motion seeks dismissal of Count I: Tortious Interference with Contracts (Intrastate and Interstate Access Tariffs), it is **DENIED**;

    b. The Motion is **GRANTED** in all other respects, and the following claims are dismissed: Count II: Common Law Unfair Competition; Count IV: Fraudulent Concealment; Count V: Tortious Interference with Qwest's LCR Contracts; and Count VI: Unjust Enrichment.

5. Defendant Ripple Communications, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(6) and 12(b)(1) [Docket No. 176] is **GRANTED** in part and **DENIED** in part as follows:

    a. To the extent the Motion seeks dismissal based on lack of subject-matter jurisdiction, it is **DENIED**;

    b. To the extent the Motion seeks dismissal of Count I: Tortious Interference with Contracts (Intrastate and Interstate Access Tariffs), it is **DENIED**;

    c. The Motion is **GRANTED** in all other respects, and the following claims are dismissed: Count II: Common Law Unfair Competition; Count III: Second Unfair Competition Claim; Count IV: Fraudulent Concealment; Count V: Tortious Interference with Qwest's LCR Contracts; and Count VI: Unjust Enrichment.

Dated: January 3, 2014

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court