# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

QWEST COMMUNICATIONS COMPANY,
LLC, a Delaware Limited Liability
Company, d/b/a CenturyLink QCC,

        Plaintiff,

v.

FREE CONFERENCING CORP., et al.,

        Defendants.

**ORDER**
Civil File No. 10-490 (MJD/SER)

---

Charles W. Steese and Sandra L. Potter, Armstrong Teasdale LLP, and Jason D. Topp, CenturyLink, Counsel for Plaintiff.

Rhyddid Watkins, Faegre Baker Daniels LLP, and Stephen Wald, Partridge Snow & Hahn LLP, Counsel for Defendant Free Conferencing Corp.

Gregory R. Merz, Gray Plant Mooty, Counsel for Defendants Basement Ventures, LLC and Vast Communications, LLC.

---

    This matter is before the Court on Plaintiff's designation of the deposition testimony of four witnesses: Gregory Lorenzetti, Kristina Ehnert, Rex McGuire, and Darin Rohead. Defendants object to the designated deposition testimony in its entirety.

    The Federal Rules of Civil Procedure provide:

> At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
>
> > (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
> >
> > (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
> >
> > (C) the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32(a). In turn, Rule 32(a)(4)(B) provides that:

> [a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition.

> Rule 32(a)(4)(D) also provides that a witness is unavailable if "the party

offering the deposition could not procure the witness's attendance by subpoena."

> Additionally,
>
> [a] deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

Fed. R. Civ. P. 32(a)(8).

**I.      Gregory Lorenzetti**

2

Qwest seeks to designate the deposition testimony of Gregory Lorenzetti from a May 28, 2009, deposition taken in <u>Qwest v. Free Conferencing Corp.</u>, Civil File No. 07-4147 (KES) (D.S.D.).

The Court holds that, under Federal Rule of Civil Procedure 32(a), Lorenzetti's deposition testimony is admissible against Defendant Free Conferencing Corporation ("Free Conferencing"). Free Conferencing was a party to the federal action in which the deposition occurred and appeared at the deposition; the testimony is relevant and, thus, would be admissible if Lorenzetti were present and testifying; and Lorenzetti is unavailable because he resides "more than 100 miles from the place of hearing or trial." On the other hand, Defendants Vast Communications, LLC and Basement Ventures, LLC (collectively, "Basement") were not parties to the District of South Dakota proceeding, so Lorenzetti's deposition testimony is not admissible against Basement.

## II.  Kristina Ehnert

Qwest seeks to designate the February 2, 2011, and March 16, 2011, deposition testimony of Kristina Ehnert taken from the deposition in the Minnesota Public Utilities Commission ("MPUC") proceeding.

Defendants were not parties to the MPUC proceeding; they had no notice; neither was present at Ehnert's deposition. Thus, the Court holds that the designated deposition testimony is not admissible under Rule 32(a). Furthermore, the Court holds that Federal Rule of Evidence 804(b)(1) does not apply because neither Defendant nor their predecessors in interest had an opportunity and similar motive to develop the MPUC testimony. Cross examination by Tekstar Communications, Inc. was not sufficient. The Court denies Plaintiff's request to submit its designation to the Court.

### III. Rex McGuire

Qwest seeks to designate the January 11, 2008 deposition testimony of Rex McGuire, taken in the Iowa Utilities Board ("IUB") proceeding.

Defendants were not parties to the IUB proceeding; they had no notice; neither was present at McGuire's deposition. Thus, the Court holds that the designated deposition testimony is not admissible under Rule 32(a). Furthermore, the Court holds that Federal Rule of Evidence 804(b)(1) does not apply because neither Defendant nor their predecessors in interest had an opportunity and similar motive to develop the IUB testimony. The Court denies Plaintiff's request to submit its designation to the Court.

### IV. Darin Rohead

Qwest seeks to designate the April 6, 2009, deposition testimony of Darin Rohead taken in <u>Qwest v. Free Conferencing Corp.</u>, Civil File No. 07-4147 (KES) (D.S.D.).

The Court holds that, under Federal Rule of Civil Procedure 32(a), Rohead's deposition testimony is admissible against Free Conferencing. Free Conferencing was a party to the federal action in which the deposition occurred; and the testimony is relevant and, thus, would be admissible if Rohead were present and testifying. Nor do any of the parties claim that Rohead is available. On the other hand, Basement was not a party to the District of South Dakota proceeding, so Rohead's deposition testimony is not admissible against Basement.

## V.   Specific Objections

The parties have listed an abundance of objections to particular lines in the designated portions of Lorenzetti's and Rohead's depositions. The Court reminds the parties that a myriad of vague relevance and foundation objections is totally unacceptable. The parties are ordered to meet and confer and resolve the specific objections to the designated testimony of Lorenzetti and Rohead.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court will admit, as against Free Conferencing, the designated deposition testimony of Gregory Lorenzetti and Darin Rohead. The parties shall meet and confer regarding their specific objections to the designated testimony and shall resolve those objections for the Court.

2. The Court denies admission of the designated deposition testimony of Kristina Ehnert and Rex McGuire.

Dated: February 18, 2016                s/ Michael J. Davis
                                        Michael J. Davis
                                        United States District Court